Kevin J. Harrington [KH-5027]
John C. Mascari [JM-4189]
HARRINGTON, OCKO & MONK, LLP
81 Main Street, Suite 215
White Plains, New York 10601
(914) 686-4800

**DOCKET & FILE**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
VIRGIN ENTERPRISES LIMITED,          :
                                     :
                          Plaintiff, :
                                     :
v.                                   :     02 Civ. 0311 (CPS) (VVP)
                                     :
TAHIR NAWAB, NATHAN ERLICH,          :
SIMON BLITZ, DANIEL GAZAL,           :
GERALD WREN, BOB WROBLEWSKI,         :
CORPORATE SOLUTIONS, LLC, CEL-NET    :
COMMUNICATIONS, INC., THE CELLULAR   :
NETWORK COMMUNICATIONS GROUP, INC.   :
d/b/a CNCG, SD TELECOMMUNICATIONS, INC., :
VIRGIN WIRELESS, INC., IWAYCITY,     :
and VIRGINWIRELESS.COM,              :
                                     :
                         Defendants. :
-------------------------------------------------------------X

## **STIPULATION AND PROTECTIVE ORDER**

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned, that:

1. The use or disclosure of documents that the parties to this civil action or any third party produces in the above captioned case shall be subject to the terms of this Stipulation and Protective Order.

2. The term "Confidential Information" shall mean and include any and all documents, information or other materials, including but not limited to competitively sensitive, financial, personal, proprietary and/or trade secret information, which are designated as "Confidential" at the time of their production or disclosure in this action or within ten (10) days after the original Stipulation and Protective Order was signed by the Court.

    a. In connection with the production of documents by any party hereto, Confidential Information shall be indicated by conspicuously marking "CONFIDENTIAL" on all pages of the document in which such Confidential Information is contained. Such markings shall be made prior to the transmission of a physical copy of such document to the party requesting such document;

    b. In connection with the responses to interrogatories and responses to requests for admissions containing Confidential Information, the title page of the document containing the responses shall be marked "CONFIDENTIAL;" and

    c. In connection with deposition testimony which may contain Confidential Information, any attorney for a party who believes that questions put to a witness being deposed will disclose Confidential Information, or that the answer to any question(s) require such disclosure, or documents to be used as exhibits during the examination contain Confidential Information, may request that the portion(s) of the deposition disclosing Confidential Information shall be taken in the presence of only the attorneys for each party, the court reporter, and those qualified to have access to the Confidential Information (e.g., experts). Transcripts of such portion(s) of the deposition shall be separated from the non-confidential portion(s), and shall be securely sealed in an envelope by the officer reporting such deposition. Both the transcript and the envelope shall be marked:

> CONFIDENTIAL UNDER PROTECTIVE ORDER
> The information and data contained in this envelope is protected against any use, disclosure, display or revelation thereof by an Order of the Court.

The officer shall provide copies of the confidential portion(s) of the deposition transcript only to the attorneys of the parties to this action.

3. Confidential Information shall not include any document, information or other material which:

   a. is, at the time of disclosure, in the public domain by publication or otherwise;

   b. becomes at any time, through no act or failure to act on the part of the recipient party, part of the public domain by lawful publication or other lawful act;

   c. is already in the possession of a party at the time of disclosure and was not acquired directly or indirectly from the disclosing party.

4. The following persons may have access to Confidential Information in this action:

   a. counsel for the parties;

   b. court personnel and stenographic reporters engaged in proceedings incident to preparation for trial or trial;

   c. clerical personnel and paralegal assistant employed by counsel for the parties;

   d. such other persons (including experts and their staffs) as may hereafter be qualified to receive Confidential Information in this action pursuant to the provisions of Paragraph 5 of this Stipulation and Protective Order, provided that such persons shall not retain copies of such documents, shall not use such documents other than in connection with this case and shall not disclose them to anyone else, and that any such person agrees, in writing, to be bound by the terms of this Stipulation and Protective Order by executing a copy of Exhibit A attached to this Stipulation and Protective Order.

5. Subject to the terms hereof, Confidential Information may be disclosed by a receiving party in a deposition, to the extent its use is necessary, only at the depositions of:

   a. the present employees, directors and officers of the producing party;

   b. the former employees, directors and officers of the producing party who are not employed by or associated with a competitor of the producing party;

   c. an author, addressee, or other person indicated on the face of a document as a recipient

of the document containing the information;

d. a person identified in prior discovery or by the deponent in his or her deposition as an author or recipient of the information (without prior disclosure of the specific confidential information). Prior to any disclosure under this Paragraph 5(d), notice must be given to the producing party of the specific information so that it has a fair opportunity to object to the disclosure. Notice may be given at the time of the deposition. The parties agree to cooperate, and, if necessary, to defer any such disclosure, to allow either party to initiate action, by motion or otherwise, with the Court. The producing party bears the burden of establishing confidentiality;

e. an independent advisor, consultant or expert otherwise qualified under this Protective Order to receive such information;

f. any person for whom prior authorization is obtained from the producing party or the Court;

g. expert witnesses or consultants who are necessary to assist and have been retained in writing by counsel for any party in the preparation for trial or trial of this action, provided that such expert witness or consultant shall not retain copies of such documents after termination of this action, shall not use such documents other than in connection with this case and shall not disclose them to anyone else, and that any such expert witness or consultant agrees, in writing, to be bound by the terms of this Stipulation and Protective Order by executing a copy of Exhibit A attached to this Stipulation and Protective Order;

h. employees, officers and directors of the party producing the documents or information; and

i. authors, drafters, and recipients of the confidential documents or information.

6. Confidential Information shall not be disclosed to anyone other than those persons to whom disclosure is permitted pursuant to this Stipulation and Protective Order and shall not be used for any purpose other than in connection with the prosecution or defense of this action.

7. The signing of this Stipulation and Protective Order or failure of a party, at the time it receives Confidential Information, to challenge or object to the confidential designation shall not be deemed a waiver of its right to challenge or object to the confidential designation at any later time.

8. Any person, prior to receiving Confidential Information under Paragraph 4(d), shall

be furnished with a copy of this Stipulation and Protective Order and shall execute a copy of Exhibit A attached to this Stipulation and Protective Order, acknowledging that he or she has read this Stipulation and Protective Order, understands it, and agrees to be bound by it. Acknowledgment is an express agreement to be subject to the jurisdiction of this Court in connection with any proceeding or hearing relating to such Confidential Information or to this Stipulation and Protective Order, including any proceeding relating to the enforcement of the Stipulation and Protective Order, including criminal contempt.

9. All persons to whom Confidential Information is disclosed shall consent to the jurisdiction of the United States District Court for the Eastern District of New York for purposes of enforcing the terms of this Stipulation and Protective Order.

10. Any person in possession of Confidential Information shall exercise reasonable and appropriate care with regard to the storage, custody or use of Confidential Information in order to ensure that the confidential nature of the same is maintained.

11. In the event that any Confidential Information is subject to any subsequent subpoena, written notice shall be given to the party that produced the Confidential Information at issue within ten (10) business days of the service of such subpoena, and if production is being sought under any such subpoena in less than ten (10) business days, notice shall be given immediately to allow the producing party to seek relief from the Court. In the event the producing party seeks relief from the Court, the party subject to the subpoena shall not produce the Confidential Information subject to the subpoena until the issue has been resolved by the Court.

12. If Confidential Information is disclosed to anyone other than in a manner authorized by this Stipulation and Protective Order, the party responsible for such disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the other party and make every reasonable effort to prevent further disclosure by the recipient of the Confidential Information. In the event any Confidential Information is disclosed inadvertently, without the applicable CONFIDENTIAL designation, the disclosing party shall be entitled to provide notice to all other parties that the inadvertently disclosed information is to be deemed CONFIDENTIAL, and such information will thereafter be treated as Confidential Information under the terms of this Stipulation and Protective Order. However, no recipient of Confidential Information which is inadvertently not properly marked as such shall be liable for any disclosure or use prior to the time of receipt of notice

of the confidential character of such information. Any request for designation of inadvertently disclosed information as CONFIDENTIAL under this paragraph must include an express reference to this Section of the Stipulation and Protective Order.

13. Nothing contained herein shall prevent the use of the Confidential Information at trial or in written submissions to the Court provided that the parties shall take appropriate measures to maintain their confidentiality, including filing under seal written submissions to the Court that include Confidential Information. The parties shall make reasonable efforts to minimize filings under seal and shall place Confidential Information only in attachments whenever possible.

14. In the event that any written submissions to the Court include materials containing Confidential Information, the Confidential Information shall be filed in securely sealed envelopes or other securely sealed containers. The envelopes or containers shall indicate:

   a. the title of the action;

   b. brief description of the contents; and

   c. shall be marked as follows:
   CONFIDENTIAL UNDER PROTECTIVE ORDER
   The information and data contained in this envelope is protected against any use, disclosure, display or revelation thereof by an Order of the Court.

15. When Confidential Information is discussed, quoted or referred to in any deposition, the disclosing party shall ensure that only persons qualified to have access are present.

16. When Confidential Information is incorporated in a transcript of a deposition, the disclosing party shall arrange with the reporter to preserve the confidentiality of such information in accordance with Section 2(c).

17. Information disclosed at a deposition may be designated as confidential by (a) either indicating on the record at the deposition that the testimony is Confidential Information or (b) by notifying the opposing party in writing within ten (10) business days of the receipt of the transcript of those pages and lines that are confidential. Information disclosed at a deposition that is not designated as confidential under the procedure set forth above shall not thereafter be designated as confidential.

18. Nothing herein shall prevent disclosure if each party designating information as CONFIDENTIAL consents in writing to such disclosure.

ny1345977v1

19. General disclosures of information shall not be deemed to place more specific disclosures of information concerning the same subject into the public domain.

20. This Stipulation and Protective Order is not intended to deal with any discovery objections on the grounds of attorney-client privilege or work product or confidential third-party information or to preclude any party from seeking relief either from a provision of this Stipulation for Protective Order or any other relief from this Court which may be appropriate under the Federal Rules of Civil Procedure.

21. The obligations of this Stipulation and Protective Order shall survive the termination of the action and continue to bind the parties, their counsel and anyone else who obtained CONFIDENTIAL. Within sixty (60) days after the final termination of this action by judgment, settlement or otherwise, all CONFIDENTIAL documents and copies thereof within the possession, custody or control of any person to whom use or disclosure of any confidential Documents has occurred (other than the Court) as a result of this Stipulation and Protective Order, shall be returned to the counsel for the party that produced the designated documents. Counsel for the party that received the designated documents has the option of destroying the designated documents provided that counsel who elects to do so certifies in writing to the counsel for the party that produced the designated documents that such destruction has occurred.

22. Nothing in this Stipulation and Protective Order shall bar or otherwise restrict any attorney from rendering advice to his client with respect to this litigation and, in the course thereof, referring or relying generally upon his or her examination of documents or information designated CONFIDENTIAL; provided, however, that in rendering such advice and in otherwise communicating with his or her clients, the attorney shall not disclose the content of such information or documents contrary to the terms of this Stipulation and Protective Order.

23. The parties to this litigation and their counsel agree that they will be bound by the Stipulation and Protective Order as soon as they sign this document, irrespective of when the Court actually signs it.

nv1345977v1

24. Nothing herein shall prejudice the right of any party to seek any addition protective order(s) relating to discovery in this action, nor shall prejudice any pending applications for protective order(s) in this action.

Dated: September 13 ~~August __~~, 2002
White Plains, New York

SO ORDERED:

s/VVP
Hon. Viktor V. Pohorelsky
United States Magistrate Judge

Approved as to form:

_____
Kevin J. Harrington (KH-5027)
John C. Mascari (JM-4189)
HARRINGTON, OCKO & MONK, LLP
81 Main Street, Suite 215
White Plains, New York 10601
(914) 686-4800

_____
James W. Dabney (JD-9715)
Catherine M. Clayton (CC-5575)
PENNIE & EDMONDS, LLP
1155 Avenue of the Americas
New York, New York 10036-2711
(212) 790-9090

8

ny1345977v1

EXHIBIT A

AFFIDAVIT

I have read the Stipulation and Protective Order so ordered by the Court on August_____, _____, 2002, in VIRGIN ENTERPRISES LIMITED v. TAHIR NAWAB, ET AL., Civil No.: 02 Civ. 0311 (CPS) (VVP), United States District Court for the Eastern District of New York (herein "Order"). I understand the responsibilities and obligations such Order imposes on persons viewing the "Confidential Information" encompassed by the Order. So as to enable me to view the "Confidential Information" encompassed by the Order, I hereby agree:

    1.    To be bound by all the provisions of the Order;

    2.    That I will, upon final disposition of this action, return all copies of the "Confidential Information" to counsel for the party; and

    3.    That I understand that violation of the terms of the subject Order constitutes contempt of Court and may subject me to fine or imprisonment, or other sanction.

_____

Sworn to before me this
___ day of August, 2002.

_____

Notary Public

nv1345977v1